UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEGORGIA (Jo) A. BALDAUF, )<br>  )<br>   Plaintiff,  )<br>  )<br>   vs.   )<br>  )<br>CLIFTON DAVIDSON, Individually; )<br>JESSE MARLOW, Individually and in his )<br>Official Capacity as Chief of Police; and the )<br>TOWN OF PITTSBORO, )<br>  )<br>   Defendants.  ) | CASE NO.   1:04-cv-1571-JDT-TAB |

GEORGIA (Jo) A. BALDAUF,        )
                                )
        Plaintiff,               )
                                )
    vs.                          )    CASE NO.    1:04-cv-1571-JDT-TAB
                                )
CLIFTON DAVIDSON, Individually; )
JESSE MARLOW, Individually and in his )
Official Capacity as Chief of Police; and the )
TOWN OF PITTSBORO,              )
                                )
        Defendants.              )

ORDER ON PLAINTIFF'S MOTION TO QUASH

This cause is before the Court on Plaintiff Georgia A. Baldauf's motion to quash the deposition of Robert Glennon. Glennon is an attorney, and a friend of Baldauf's, but has not been retained to represent Baldauf in any proceedings related to this matter. After Baldauf's arrest at a Crystal Flash store, Glennon accompanied Baldauf's husband to the store. Baldauf asserts that any testimony by Glennon is protected by the attorney-client privilege, and that any notes or mental impressions are protected by the work product doctrine. Defendants argue that Glennon's testimony is fair game because Baldauf failed to meet her burden of showing that Glennon was acting in his capacity as an attorney at the time in question, and because Baldauf has listed Glennon as a witness on her preliminary witness list. The Court agrees with the Defendants.

The burden is on Baldauf, as the party invoking the attorney-client privilege, to prove all of the essential elements. United States v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997).[1] In her

---

[1] The Evans court summarized the essential principles that the Plaintiff must prove as follows: "(1) Where legal advice of any kind is sought (2) from a professional legal advisor in

motion, Baldauf states that Glennon has served as her attorney in the past. [Docket No. 44, p. 1]. However, there is no evidence before the Court that Baldauf or her husband sought Glennon's legal advice on the matter at hand in his capacity as an attorney. Rather, Baldauf suggests in her deposition testimony that Glennon accompanied her husband to the scene as a friend. [Baldauf Dep. p. 30] (referring to Glennon as "a friend of mine, who is an attorney"). The Evans court held that a "communication is not privileged simply because it is made by or to a person who happens to be a lawyer." 113 F.3d 1457, 1463 (citing Diversified Indus., Inc. v. Meredith, 572 F.2d 596, 602 (8th Cir. 1977)). Moreover, Baldauf listed Glennon as a witness on her preliminary witness list. Although Baldauf claims that the only knowledge Glennon has pertaining to the case is privileged [Docket No. 44, p. 2], Baldauf cannot have it both ways.

In short, Baldauf's motion to quash is DENIED. To the extent that Baldauf wishes to raise a privilege objection, the more appropriate procedure is to object on a question by question basis. AAIPharma v. Kremers Urban Development Co. et al., 361 F.Supp.2d 770, 777 (N.D. Ill. 2005). However, given that Baldauf does not appear to have retained and communicated with Glennon in his professional attorney capacity, and that Baldauf has identified Glennon as a witness, any such objections based on the attorney-client privilege appear improper.

SO ORDERED. Dated: 07/05/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." 113 F.3d at 1461 (citing John Henry Wigmore, Evidence in Trials at Common Law § 2292 (John T. McNaughton rev. 1961)).