UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JO BALDAUF, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-1571- TAB-JDT |
| | ) | |
| CLIFTON DAVIDSON, et al., | ) | |
|     Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTIONS FOR COSTS & ATTORNEY FEES

**I. Introduction.**

This case involves an altercation in a convenience store that ended in Plaintiff's arrest. Thereafter, Plaintiff filed several claims against Defendants Davidson, Marlow, and the Town of Pittsboro, including assault and battery, false arrest and false imprisonment, violation of Article 1, § 9 of the Indiana Constitution, violations of the First, Fourth, and Fourteenth Amendments, and failure to train or supervise. Through a series of orders, many of these claims were dismissed summarily,[1] and just prior to trial, Plaintiff voluntarily dismissed the assault and battery claims. The jury returned a verdict in favor of Defendants on all remaining claims.

Upon prevailing in the case, Defendants filed a motion for award of costs. Plaintiff objects, requesting costs be stayed until the completion of the appellate process. She also objects to many of the specific costs on other grounds. Finally, Defendants have requested the Court to award limited attorney fees, which Plaintiff also opposes.

---

[1] *See* Docket Nos. 17, 120, 132, and 149.

## II. Discussion.

Defendants have requested costs totaling $25,427.31, to which Plaintiff objects on several grounds. Plaintiff first requests that the Court stay payment of costs until appellate proceedings are completed. The Seventh Circuit has said that "a district court may award costs even while the substantive appeal is pending," explaining that "costs are appealable separately from the merits." *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *see also Hoeller v. Eaton Corp.*, 149 F.3d 621, 625-26 (7th Cir. 1998) (rejecting the argument that there was no prevailing party while the case was pending); *Chamberlain Group v. Interlogix, Inc.*, 2002 U.S. Dist. LEXIS 18851 (N.D. Ill. 2002) (denying a motion to stay bill of costs while the appeal was pending because no authority had been cited for doing so). Plaintiff has provided no explanation or authority for why the Court should deviate from the rule that costs be awarded to the prevailing party. Thus, the Court denies Plaintiff's motion to stay costs during the appellate process.

Plaintiff also objects to many of the individual costs taxed. While most of the costs are taxable, several warrant discussion. Federal Rule of Civil Procedure 54(d) allows costs to the prevailing party, but only to the extent authorized by federal statute. *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). Section 1920 of Title 28 of the United States Code lists the taxable costs permitted:

> A judge or clerk of any court of the United States may tax as costs the following:
>   (1) Fees of the clerk and marshal;
>   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title [28 USCS § 1923];

  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

 Plaintiff objects to all costs associated with Dr. James Gaither, including fees for service of trial subpoenas, court reporter fees, a shipment fee, and expert witness fees. Plaintiff argues these costs should not be taxed to her because the Court excluded Dr. Gaither as an expert witness. Plaintiff further argues that as a general rule compensation of fees paid to expert witnesses is not a taxable cost. On this latter basis, Plaintiff also objects to the fees associated with expert witness Steven Guthrie.

 Plaintiff is correct that fees for experts not appointed by the Court are generally not a taxable cost. In fact, "absent contract or explicit statutory authority to the contrary," the Court is bound by the limit imposed by 28 U.S.C. § 1821(b). *T.D. v. La Grange Sch. Dist. No. 102*, 349 F.3d 469, 481 (7th Cir. 2003) (citing *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 439 (1987)). Defendant acknowledges that expert witness fees are not generally taxable costs, but argues that the Court should award such fees in this situation because Defendant made Plaintiff an offer of judgment under Federal Rule of Civil Procedure 68 that Plaintiff did not accept. Defendant argues that "[b]y awarding costs for the expert witness fees incurred after the Offer of Judgment is rejected, the court would empower Rule 68 offers to serve the purpose they were intended," which the Defendant summarizes is "to encourage settlement and avoid litigation after each party evaluates the risks and expenses of the case against the likelihood of success on the merits at trial." [Docket No. 207 at 3.]

 Defendant has provided no authority suggesting that the definition of costs in Rule 68 is somehow different from that in Rule 54. Furthermore, Rule 68 does not lose purpose without

expanding the definition of costs. Rule 68 remains effective in cases where the offeree prevails but is awarded less than is offered. Therefore, the expert witness fees associated with Dr. Gaither and Steven Guthrie, regardless of whether they accrued after an offer of judgment, are not taxable. Defendants are entitled, however, to $40 for the two days Steven Guthrie attended the trial as a witness and $40 for Dr. Gaither's attendance at the deposition. *See* 28 U.S.C. 1821(b); *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1442 (7th Cir. 1994).

Furthermore, most of the other costs pertaining to Dr. Gaither are authorized under § 1920. Service of process, even by mail, is allowed as a fee of the marshal. *See* 28 U.S.C. 1920(1); *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) ("[W]e think it best to resolve the ambiguity of § 1920 in favor of permitting the prevailing party to recover service costs that do not exceed the marshal's fees, no matter who actually effected service."). However, the non-service related postage expense is not a taxable cost. *See Owens v. Howe*, 365 F. Supp. 2d 942, 945 n.1 (N.D. Ind. 2005). The court reporter fee for Dr. Gaither's deposition is allowed as a transcript necessarily obtained for trial even though not admitted and not used in trial because, at the time these costs were incurred, the deposition and transcript of this intended witness were "necessarily obtained for use in the case." *See* 28 U.S.C. 1920(4); *Haroco*, 38 F.3d at 1441-42.

Plaintiff also contests subpoena and witness costs associated with Clifton Davidson because he was a party to the litigation. Defendants acknowledge that normally such costs are not taxable but request that Plaintiff be taxed these costs in this situation. Defendants explain that Davidson was sued in his capacity as a police officer but at the time of trial was no longer working in that position, and that a subpoena was required for his employer to give him time off work. Defendants contend that the general rule does not prohibit the Court from allowing an

exception. There may be circumstances warranting an exception to this general rule, but the circumstances at bar are not particularly exceptional. Thus, taxing these costs is improper. *See Haroco*, 39 F.3d at 1442 (holding that taxing witness fees for the attendance of a person who at the time was a party to the suit was improper).

The remainder of the costs in dispute—including for postage of subpoenas and service, copies, filing fee for removal of the case, and deposition attendance (uncontested)—are all permitted under 29 U.S.C. § 1920. In sum, the Court grants Defendants' motion for costs except costs for: (1) expert witness fees (but allowing $40/day for witness fees); (2) fees associated with Clifton Davidson; and (3) non-service related postage expenses. The amount of the taxable costs is $18,773.83.[2] The Court also denies Plaintiff's motion to stay costs pending the appeal.

[Docket No. 204.]

In addition to costs, Defendants ask the Court to award them attorney fees for the time spent deposing five persons Plaintiff identified as witnesses but now seems to indicate were unnecessary. In her objection to Defendants' motion for costs, Plaintiff opposes costs for deposition transcripts of five "individuals who were not called as witnesses at trial" and therefore "were unnecessary."

Defendants explain that these five individuals were on Plaintiff's preliminary, final, and trial witness lists and argues that "[i]f these witnesses could not provide necessary testimony to support her claims, as Plaintiff now claims, then Defendants are entitled to not only the costs of the depositions for these five (5) witnesses, but also to attorneys' fees for time expended in connection with these depositions." [Docket No. 208 at ¶ 2.] In an attempt to "rephrase the

---

[2] See attached Exhibit 1.

wording—not the substance—of her argument" Plaintiff responds that Defendants had the opportunity to interview or obtain affidavits from these five witnesses, but Defendants "elected to obtain their information in what might be the most expensive manner possible." [Docket No. 211 at 2.] Plaintiff further argues that Defendants failed to cite any cases, other than *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Illinois*, 424 F.3d 659, 675 (7th Cir. 2005), in support of their argument. Defendants counter that the witnesses listed were not neutral and therefore the deposition setting was appropriate. Thus, Defendants argue that either they are entitled to the costs of the deposition transcripts, or that the depositions were unnecessary and Plaintiff should be sanctioned fees for listing these deponents as witnesses.

As Defendants point out, 42 U.S.C. § 1988(b) provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" for actions brought under 42 U.S.C. § 1983. The Court should only impose attorney fees on non-prevailing plaintiffs "when the suit is frivolous, unreasonable, or without foundation." *Hamilton v. Daley*, 777 F.2d 1207, 1211 (7th Cir. 1985); *see also Christenburg Garmet v. EEOC*, 434 U.S. 412, 421 (1978); *Roger Whitmore's*, 424 F.3d at 675.

The Court is mindful of the frustrating inconsistency involved in Plaintiff objecting to costs associated with deposition transcripts of people on Plaintiff's witness list that are clearly hostile to Defendants. Nevertheless, the Court denies Defendants' request for attorney fees. The Court has already determined that the costs for these depositions are legitimate. Furthermore, Plaintiff's claims were not "frivolous, unreasonable, or without foundation." Thus, the Court denies Defendants' request for attorney fees.

**III. Conclusion.**

For the foregoing reasons, the Court DENIES Plaintiff's motion to stay an award of costs pending the appeal [Docket No. 204] and GRANTS IN PART AND DENIES IN PART Defendants' motion for award of costs [Docket No. 200]. Costs will not be taxed for Defendants' request for expert witness fees, fees associated with Clifton Davidson, and non-service related postage expenses, which totals $6,653.48. However, the Court taxes costs against Plaintiff and in favor of Defendants for $18,773.83. Furthermore, the Court DENIES Defendants' motion for attorney fees [Docket No. 208].

Dated:  03/14/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES
P.O. Box 441095
Indianapolis, Indiana 46244-1095
msutherlin@michaelsutherlin.com

Kenneth Collier-Magar
Liberty Roberts
COLLIER-MAGAR & ROBERTS
1460 Market Square Center
151 N. Delaware Street
Indianapolis, IN 46204-2957
Kenneth@cmrlawfirm.com
Liberty@cmrlawfirm.com